[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Hawaii on October 23, 1986. There is one child, Nicholas, issue of the marriage. He was born on July 28, 1990. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The plaintiff claimed that the problems in the marriage started in 1989 when the defendant began staying out over night instead of returning home, and never called that he would not be CT Page 4989 home. She also stated that she wanted to go for counseling to help the marriage but the defendant refused to do so.
The defendant claimed that the marriage broke down when the plaintiff accused him of cheating.
The plaintiff testified that the night the baby was born, the defendant told her that he had done a lot of things he was ashamed of and that when she asked if he had been sleeping around with anyone he said "yes." He also told her later that he did not want to be married anymore. The suit was filed November 1990. The defendant moved out of the marital home in April 1991 and started living with a Laura Cimino in October 1991.
The defendant was the manager of a night club in Norwalk. He said that he and two other persons started the club and he put in 20 percent of the money needed to get it going, that the club had to close down, that he walked away from the enterprise, that he did not know if the business was sold, that he never asked that question, that he never asked the other two people in the business what he was entitled to, that he was not sure if the business was dissolved. The court notes that his Financial Affidavit dated January 25, 1991 states that he was manager and part owner of the "Sensations Night Club" and lists as an asset: "Stock — DKR Inc. Sensations Night Club — 200 shares" as having a value of $5,000.00, and that his Financial Affidavit dated December 20, 1991 lists as an asset: "Stock — DKR Inc. (Sensations Night Club) 20 shares" as being a value of "O".
The court finds that defendants' lack of interest as to what happened to that large sum of his money is incredible. The court also notes his attitude towards his son. He testified that he did not tell the plaintiff that he did not want to visit his son because the plaintiff's boyfriend might be there. He said "I just thought she would know I wouldn't want to visit Nick when John is there." He also said he never called Nick on the phone or asked to speak to him when he was talking to the plaintiff. Then he said he did not call the plaintiff "because she knows where I'd be."
Consequently, the court finds that the plaintiff did not cause the breakdown of the marriage in any way and that the defendant was the only cause of the breakdown.
The plaintiff is granted sole custody of Nicholas and the defendant may have rights of reasonable visitation with him.
The defendant shall pay the plaintiff as support for Nicholas $68 per week and shall advise the plaintiff immediately of any change in his financial condition. The plaintiff thereafter may petition the court for any change in the support order claimed to CT Page 4990 be due by the change in the defendants financial condition.
The defendant shall pay the plaintiff a reduction of the present arrearage in child support of $15 per week.
The Bethany property shall be put up for sale immediately at a price to be agreed on by the parties. If the parties can't so agree the court will issue any order necessary to effectuate the sale. The net proceeds of the sale shall be divided 3/4 to the plaintiff and 1/4 to the defendant.
The plaintiff may reside in the marital home at 39 Horton Hill Road in Naugatuck until Nicholas reaches 18 years of age or the plaintiff remarries or cohabitates within the meaning of the statute, whichever event first occurs. At that time the property shall be put up for sale immediately. The plaintiff shall be responsible for and shall pay the existing mortgage on it and shall save the defendant harmless for any liability on it. The net proceeds of the sale shall be divided in the same ratios as the proceeds of the sale of the Bethany property.
The defendant shall pay the plaintiff alimony in the amount of $1 per year for 5 years.
The defendant shall provide any medical, dental or similar insurance for Nicholas available through his present employer or through any other employer as he may change employment from time to time in the future until Nicholas reaches the age of 18. Any expenses not covered by such insurance shall be divided equally by the parties.
The plaintiff may keep as her own the Honda car, the furniture in the marital home and the savings account with the Connecticut National Bank in her name. She shall also hold as trustee the account on the Connecticut National Bank for Nicholas, and also the bonds in Nicholas' name. The defendant shall sign any documents necessary to transfer title of the Honda to the plaintiff.
Each party shall pay the fees of their own attorney.
The plaintiff shall be responsible for the debts listed on her Financial Affidavit dated 4/21/92 except the taxes on the Bethany property.
The defendant shall be responsible for the debts listed on his Financial Affidavit dated 4/21/92 except for the taxes on the Bethany property.
The plaintiff may take Nicholas as a dependent on her income tax return. The defendant shall name Nicholas as the beneficiary CT Page 4991 of any life insurance available to him through any employment he obtains until Nicholas reaches the age of 18.
THOMAS J. O'SULLIVAN TRIAL REFEREE.